**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-22261-RAR**

**OMAR G. RODRIGUEZ**,

 Plaintiff,

v.

**KIMBERLY ANN RIVERA,** *et al.*,

 Defendants.

_____/

**ORDER DISMISSING CASE**

 **THIS CAUSE** is before the Court upon *sua sponte* review of the docket and filings. *See Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007) ("The district court possesses the inherent power to police its docket."). Consistent with that authority, the Court has determined that this case should be **DISMISSED** *without prejudice*.

 In this case, Plaintiff—a *pro se* pretrial detainee—filed two motions for leave to proceed *in forma pauperis* ("IFP") without a certified inmate account statement. *See* First IFP Motion [ECF No. 3]; Second IFP Motion [ECF No. 5]. By signing the prescribed form that Plaintiff used, he certified that he submitted an inmate account "showing all receipts, expenditures, and balances during the last six months for any institutional account in [his] name." *See* First IFP Motion; Second IFP Motion. Because of Plaintiff's failure to provide the inmate account statement, which he is required to do under 28 U.S.C. § 1915(a)(2), the Court has no authority to grant either motion.

 More importantly, in both motions, Plaintiff explains he receives $625 per month and has no expenses. *See* First IFP Motion; Second IFP Motion. Based on all the information that Plaintiff has provided to the Court, Plaintiff *can* pay the Court's filing fee upfront.

"Parties instituting a civil action in district court are required to pay filing fees, and each district court, by local rule, may require advance payment of such fees." *Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011). In the Southern District of Florida, the filing fee is $402.00.[1] Of course, when a litigant cannot afford to pay the filing fee, they may—as Plaintiff did here—apply to proceed IFP. *See* 28 U.S.C § 1915(a)(1)–(2). However, even though Plaintiff filed two IFP motions, the Court has no authority to grant either because (1) Plaintiff evidently has the funds to pay this Court's filing fee upfront and (2) he did not submit an inmate account statement as required by § 1915(a)(2).

In this Court, when a civil rights complaint is filed, the filing fee is due at the initiation of the action. *See* S.D. Fla. Loc. R. 88.2(a) (requiring civil rights complaints to be filed "together with the filing fee"). This rule is consistent with Eleventh Circuit precedent. *See generally White v. Lemma*, 947 F.3d 1373, 1377 (11th Cir. 2020) ("A three-strike prisoner thus faces the fate that *any non-IFP prisoner* faces when the prisoner fails to pay the filing fee up front: dismissal without prejudice." (emphasis added)). Accordingly, since Plaintiff has not complied with this Court's rules, this case should be dismissed without prejudice. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules.").

"[A] dismissal without prejudice generally does not constitute an abuse of discretion because the affected party may simply re-file." *See Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020). But if a dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a

---

[1] *See* United States District Court: Southern District of Florida, *Court Fees*, available at: https://www.flsd.uscourts.gov/court-fees (last accessed Jul. 22, 2021).

dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up).

The Court has assured itself that Plaintiff will not be prejudiced by this dismissal. "Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002). "[T]he statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A "cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.*

Here, based on Plaintiff's allegations, all of his claims began as early as October 2020. *See* Amended Complaint [ECF No. 4] at 8. Consequently, at the earliest, Plaintiff's claims expire sometime in October 2024. So, in theory, he could file a new complaint to initiate a new civil rights action before that deadline. And, of course, he may be able to pay the filing fee at the time he initiates that action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this action is **DISMISSED** *without prejudice*. The First IFP Motion [ECF No. 3] and the Second IFP Motion [ECF No. 5] are **DENIED**. Accordingly, all pending motions under this case number are **DENIED** as moot. All deadlines in this case are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of July, 2021.

 _____
 **RODOLFO A. RUIZ II**
 **UNITED STATES DISTRICT JUDGE**

cc: Omar G. Rodriguez
150134085
Miami-Dade County-MW
Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178
PRO SE